1  **WO**

5  **NOT FOR PUBLICATION**

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ArmorWorks Enterprises, LLC, an Arizona limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>BAE Systems AH, Inc., a Delaware corporation; BAE Systems Mobility & Protection Systems, Inc., a Delaware corporation; BAE Systems Aerospace & Defense Group, Inc., an Arizona corporation,<br><br>            Defendants. | No. CV-08-02060-PHX-FJM<br><br>**ORDER** |

Defendants BAE Systems AH, Inc., BAE Systems Mobility & Protection Systems, Inc., and BAE Systems Aerospace & Defense Group, Inc. (collectively, "BAE") move to either dismiss or stay the present action on the grounds that it is duplicative of an earlier filed action pending in this district. We have before us defendants' motion to dismiss or, in the alternative, motion to stay (doc. 8), plaintiff ArmorWorks Enterprises, LLC's ("ArmorWorks") response (doc. 19), and defendants' reply (doc. 20). We also have before us defendants' motion to stay deadline for responsive pleadings (doc. 9) and plaintiff's response (doc. 18).

Both parties manufacture and sell tactical body armor. This action involves a contract between plaintiff and one of its suppliers. On November 6, 2008, plaintiff filed this action

1 for (1) violation of the Robinson-Patman Act, 15 U.S.C. § 13(f); (2) tortious interference
2 with contract; (3) tortious interference with business expectancy; and (4) aiding and abetting
3 fraud.  On September 15, 2008, before plaintiff brought this action, defendants had filed a
4 declaratory judgment action against plaintiff involving the same legal issues.  BAE Sys.
5 Mobility & Prot. Sys., Inc. v. ArmorWorks Enters., LLC, No. 2:08-CV-01697-PHX-JAT (D.
6 Ariz. Sept. 15, 2008).  Indeed, the cases are mirror images of each other.  Defendants' motion
7 to consolidate their earlier filed declaratory judgment action with the present action (doc. 7),
8 is pending before Judge Teilborg, who has been assigned the lower case number, and oral
9 argument has been set for April 20, 2009.  See BAE, No. 2:08-CV-01697-PHX-JAT (doc.
10 32).  Defendants move to dismiss or to stay plaintiff's action here on principles of judicial
11 comity.

12 It is plain that neither the parties nor the system need two actions.  It is a pity that the
13 parties cannot resolve consolidation and either joinder or dismissal by stipulation.  Their
14 attachment of unwarranted importance to the labels "plaintiff" and "defendant" is getting in
15 their way, and is contrary to Rule 1, Fed. R. Civ. P., which admonishes that the Rules should
16 be administered to secure the speedy and inexpensive determination of every action.

17 Judge Teilborg will decide the motion to consolidate and likely grant it.  He can then
18 decide the fair alignment of the parties and select whichever action best reflects reality.  It
19 thus makes sense for us to deny the motion to dismiss or to stay to ensure he has that
20 opportunity.  Of course, this is without prejudice to defendants' right to raise the contentions
21 made here in connection with the motion to consolidate.

22 Because defendants' motion to dismiss was not raised under Rule 12(b), Fed. R. Civ.
23 P., they have filed an unopposed motion to stay the deadline for responsive pleadings while
24 their motion was pending.  We will grant defendants' motion and order that a responsive
25 pleading be filed within 10 days of this order pursuant to Rule 12(a)(4)(A), Fed. R. Civ. P.

1  Accordingly, **IT IS ORDERED DENYING** defendants' motion to dismiss (doc. 8).  **IT IS**
2  **FURTHER ORDERED GRANTING** defendants' motion to stay the deadline for
3  responsive pleadings (doc. 9) and ordering defendants to file a responsive pleading within
4  10 days of this order.

5  DATED this 27th day of March, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge