**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BAE SYSTEMS MOBILITY & PROTECTION SYSTEMS, INC., a Delaware corporation; BAE SYSTEMS AEROSPACE & DEFENSE GROUP, INC., an Arizona corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>ARMORWORKS ENTERPRISES, LLC, an Arizona limited liability partnership,<br><br>    Defendant.<br>_____<br>ARMORWORKS ENTERPRISES, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>BAE SYSTEMS AH, INC., a Delaware corporation; BAE SYSTEMS MOBILITY & PROTECTION SYSTEMS, INC., a Delaware corporation; BAE SYSTEMS AEROSPACE & DEFENSE GROUP, INC., an Arizona corporation,<br><br>    Defendants.<br>_____ | No. CV08-1697-PHX-JAT (Lead)<br>No. CV08-2060-PHX-JAT (Cons)<br><br>**ORDER** |

Pending before the Court is Plaintiffs BAE Systems Mobility & Protection Systems, Inc. and BAE Systems Aerospace & Defense Group, Inc. (collectively "BAE") Motion to Transfer and Consolidate (Doc. # 23) and Defendant ArmorWorks Enterprises, LLC

("ArmorWorks") Motion to Dismiss (Doc. # 17). BAE seeks to transfer and consolidate this action with the following case: CV 08-2060-PHX-FJM. ArmorWorks opposes consolidation. For the following reasons, the Court grants BAE's Motion to Transfer and Consolidate, but denies ArmorWorks' Motion to Dismiss.

## *BACKGROUND*

BAE and ArmorWorks both design, manufacture, and sell body armor for use by the United States military. Both actions revolve around a contract between ArmorWorks and one of its suppliers of ceramic tiles–a critical component of the body armor BAE and ArmorWorks manufacture. On September 15, 2008, BAE filed this action seeking a declaration that: (1) BAE's conduct did not violate the Robinson-Patman Act, 15 U.S.C. §13(f); (2) BAE did not tortiously interfere with any contract between ArmorWorks and any of its suppliers; (3) BAE did not aid or abet any fraud against ArmorWorks by any of ArmorWorks' suppliers. On November 6, 2008, ArmorWorks filed a separate action against BAE for: (1) violation of the Robinson-Patman Act; (2) tortious interference with contract and business expectancy; and (3) aiding and abetting fraud.

## *MOTION TO TRANSFER & CONSOLIDATE*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate "[i]f actions before the court involve a common question of law or fact." Under LRCiv 42.1(a)(1), transfer is permissible

> [w]henever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property; (C) involve the same patent, trademark, or copyright; (D) calls for determination of substantially the same questions of law; or (E) for any other reason would entail substantial duplication of labor if heard by different Judges, any party may file a motion to transfer the case or cases involved to a single Judge.

This Court has broad discretion under Rule 42(a) in determining whether to consolidate cases pending in the same district. *Investors Research Co., et al. v. U. S. Dist. Ct. for the Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir.1989). In reviewing a motion to consolidate, this Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th

1 Cir. 1984). The standard for transfer under LRCiv 42.1 is similar to the standard for
2 consolidation under Rule 42(a), and this Court has broad discretion in determining whether
3 to grant such motions. *Pangerl v. Ehrlich*, 2007 WL 686703 (D. Ariz. 2007) (citing
4 *Investors Research Co.*, 877 F.2d at 777).

5 Based upon the above standards, the Court finds that transfer and consolidation is
6 appropriate. The present action and CV 08-2060-PHX-FJM undisputedly involve common
7 questions of law and fact. Transferring and consolidating the two actions is substantially
8 more efficient than litigating the claims in two separate courts. Transfer and consolidation
9 would have the effect of conserving time and effort, and it would avoid causing the parties
10 to incur unnecessary expenses in trying two separate lawsuits. In addition, it would remove
11 the need for duplication of labor that would otherwise result from having separate judges
12 hear the cases individually. Lastly, transfer and consolidation avoids the potential of
13 inconsistent outcomes.

14 ArmorWorks opposes BAE's Motion to Transfer and Consolidate on the basis that it
15 is "entirely premature and potentially moot." ArmorWorks premises this argument on the
16 fact that each defendant–ArmorWorks in the present action and BAE in CV 08-2060-PHX-
17 FJM–has filed a motion to dismiss. Thus, argues ArmorWorks, if either motion to dismiss
18 is granted, then the need for transfer and consolidation of the two separate actions is rendered
19 moot. However, Judge Martone, in anticipation that this Court would grant BAE's Motion
20 to Transfer and Consolidate, has already denied BAE's Motion to Dismiss in CV 08-2060-
21 PHX-FJM; and, as discussed below, this Court likewise is denying ArmorWorks' Motion to
22 Dismiss. Therefore, save an order to transfer and consolidate by this Court, this present
23 action and CV 08-2060-PHX-FJM would continue on separate, and potentially conflicting,
24 courses. Indeed, ArmorWorks agrees in its Response to BAE's Motion to Transfer and
25 Consolidate that it "does not dispute that if both the ArmorWorks Action [CV 08-2060-PHX-
26 FJM] and the BAE Action survive dismissal, it would be appropriate to consolidate the
27 actions." (Doc. 31 at p. 7)

28 ***MOTION TO DISMISS***

Armorworks seeks dismissal of BAE's complaint, alleging that BAE's action (1) is inconsistent with the settled purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201(a); (2) seeks a declaration of non-liability for past conduct; and (3) constitutes improper "procedural fencing." This Court need not address such arguments, however, as ArmorWorks agrees that "[t]he entire thrust of ArmorWorks' Motion to Dismiss is that BAE's preemptive declaratory judgment action is improper and that the parties' dispute should be resolved in the context of the ArmorWorks Action." (Doc. # 31 at p. 7) Because this Court has granted the Motion to Transfer and Consolidate, the "context of the ArmorWorks Action" is now merged with the context of BAE's action. Even if this Court were to agree with the contentions ArmorWorks expresses in its Motion to Dismiss, there is little value in dismissing BAE's action only so BAE may file and assert identical allegations in the form of answers and counterclaims.

## *CONCLUSION*

Accordingly,

**IT IS ORDERED** granting BAE's Motion to Transfer and Consolidate CV08-1697-PHX-JAT with CV 08-2060-PHX-FJM (Doc. # 23).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall transfer CV 08-2060-PHX-FJM to this Court and consolidate it with CV08-1697-PHX-JAT. All future filings shall bear case number CV08-1697-PHX-JAT as the lead case and be submitted in substantially the same format as the caption of this order. All future filings related to these cases shall be filed in CV08-1697-PHX-JAT.

**IT IS FURTHER ORDERED** that a copy of this order shall be provided to District Judge Frederick J. Martone.

**IT IS FURTHER ORDERED** vacating oral argument currently set for April 20, 2009, at 11:00 a.m.

**IT IS FINALLY ORDERED** denying ArmorWorks' Motion to Dismiss (Doc. #17). ArmorWorks shall answer within 20 days of this Order.

DATED this 13th day of April, 2009.

_____
James A. Teilborg
United States District Judge